IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUSSELL GEBERT,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>　　　　　Defendant. | 8:23CV289<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff's motion for attorney fees under 42 U.S.C. § 406(b). Filing No. 28. Plaintiff requests attorney fees under 42 U.S.C. § 406(b) in the amount of $25,544.00. Id. The Commissioner of Social Security ("Commissioner") neither supports nor objects to awarding attorney fees under § 406(b). Filing No. 31. All that remains is for this Court to independently determine whether Plaintiff is entitled to attorney fees under this statute, and if the award is reasonable.

## BACKGROUND

Plaintiff filed an application for disability insurance benefits under the Social Security Disability program. Filing No. 1. The Administrative Law Judge ("ALJ") denied Plaintiff's application and the Appeals Council denied Plaintiff's appeal of the ALJ's decision. Id. Plaintiff then filed his original civil suit which was remanded for further proceedings. Id. The ALJ issued an unfavorable decision after which more than sixty days passed without review by the Appeals Court. Id. Plaintiff appealed to this Court where the decision was reversed and remanded with direction for Commissioner to award benefits to the plaintiff. Filing Nos. 19 and 20. Plaintiff received notice that $26,478.00

1

represented 25% of past due benefits on Plaintiff's main claim and was withheld from Plaintiff's award. Filing No. 28. Plaintiff received further notice that $3,133.00 represented 25% of past due benefits for two separate auxiliary claims, for a total of $6,266.00, that was withheld from Plaintiff's auxiliary awards. Id. The total 25% of past due benefits withheld from Plaintiff until the Court sets the fee payable to counsel, made up of the main claim and two auxiliary claims, totals $32,744.00. Id.

Plaintiff entered a fee agreement with Mr. Cuddigan and Mr. Kappelman for a contingency fee of 25% of past-due benefits secured. Filing No. 28-1. This Court, thereafter, awarded attorney fees under the Equal Access to Justice Act ("EAJA") in the amount of $4,165.05, plus costs of $402.00 as reimbursement of the filing fee. Filing Nos. 23 and 24. This Court previously awarded EAJA fees in the amount of $3,209.40 for Plaintiff's initial civil action. Filing No. 28. Total EAJA fees received by Plaintiff's attorneys without offset, equals $7,374.45. Id. Plaintiff's counsel now requests payment of $25,544.00 in attorneys' fees under 42 U.S.C. § 406(b).

## LAW

The Social Security Act authorizes a federal district court to award attorney's fees for representation before the court under 42 U.S.C. § 406(b). Congress enacted § 406(b) to "protect claimants against inordinately large fees and also to ensure that attorneys representing successful claimants would not risk nonpayment of [appropriate] fees." Gisbrecht v. Barnhart, 535 U.S. 789, 805 (2002) (internal quotations omitted). Fees under § 406(b) satisfy a client's obligation to counsel and, therefore, attorney fees are withheld by the Commissioner and paid directly to the attorney out of past-due benefits awarded. § 406(b); 20 C.F.R. § 404.1720(b)(4) (2011).

"[Section] 406(b) does not displace contingency-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. A contingency fee agreement that provides for fees exceeding twenty-five percent of past-due benefits is unenforceable. *Id.* If the contingency fee agreement is at or below the twenty-five percent boundary, the attorney for the successful claimant must establish that the fee sought is reasonable in proportion to the services rendered. *Id.*

District courts are responsible for conducting an "independent check" to ensure the fee award is reasonable. *Id.* Although the district court may consider the hourly rate in determining the reasonableness of a fee award, the court must first consider the fee agreement, testing it for reasonableness; then reduce the fees based on the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits achieved were large in comparison to the time expended by counsel. *Id.* at 807–08.

A court should determine whether a downward adjustment of an attorney's recovery is appropriate based on the character of the representation and the results the attorney achieved. *Id.* at 808. To avoid a windfall to a successful claimant's attorney, the court should make a downward adjustment if the award of benefits is large in comparison to the amount of time counsel spent on the case. *Id.*

Courts may award attorney fees to prevailing claimants and their attorneys under both the EAJA and § 406(b); however, a double recovery is not permitted. *Gisbrecht*, 535 U.S. at 796. "EAJA fees and fees available under § 406 are two different kinds of fees that must be separately awarded." *Frazier v. Apfel*, 240 F.3d 1284, 1286 (10th Cir. 2001).

3

When both awards are granted, the attorney must refund the lesser award to the client. *Id.*

## DISCUSSION

Plaintiff's counsel seeks $25,544.00 under 42 U.S.C. § 406(b). The Court independently reviewed the fee agreement. Based on the favorable outcome of the Plaintiff, and the character of the representation, the Court finds the fee of $25,544.00 requested by counsel under § 406(b) is reasonable.

By statutory duty, the Court must consider the existing contingency fee agreement. *Gisbrecht*, 535 U.S. at 807; Filing No. 28-1. The contingency fee agreement request fees equal to 25% of past-due benefits secured and maintains a cumulative cap of 25% on past due benefits granted. Filing No. 28-1. The signed contingency fee agreement is reasonable.

The Court next considers whether the fee sought is reasonable in proportion to the services rendered. *Gisbrecht*, 535 U.S. at 807. Plaintiff's counsel was previously awarded $7,374.45 in EAJA fees and now seeks $25,544.00 in attorneys' fees under § 406(b). Pursuant to the fee agreement, Mr. Kappelman intends to refund Plaintiff the $7,374.45 EAJA fees, as it is the lower of the two fees sought for the same work. Additionally, $25,544.00 represents 25% of past due benefits awarded minus $7,200.00 sought by Mr. Cuddigan for § 406(a) fees, as agreed upon by the parties; therefore, the aggregate amount sought does not exceed 25% of past-due benefits and is reasonable.

The Court now considers the hourly rate, and the number of hours worked by Plaintiff's counsel to ensure the attorneys are receiving appropriate compensation for their hours worked. Here, Plaintiff's counsel brought two civil actions in federal court and put

4

forth 31.8 hours of work. The fees requested by Plaintiff's counsel are sought pursuant to the agreed upon 25% of back benefits and do not exceed the 25% limit.

Lastly, there are no indications that the attorneys' performance merits downward adjustment for delay or filing boilerplate or ineffective assistance. Thus, the Court finds the request reasonable and grants Plaintiff's motion for attorney's fees under § 406(b).

**THEREFORE, IT IS SO ORDERED THAT:**

1. Plaintiff's motion for attorneys' fees under 42 U.S.C. § 406(b), Filing No. 28, is granted.

2. Plaintiff's counsel is awarded $25,544.00 under 42 U.S.C. § 406(b).

3. The Social Security Administration is ordered to send the attorney fees awarded under 42 U.S.C. § 406(b) to Attorney Sean Cuddigan, who will then reimburse Plaintiff Mr. Russell Gebert the prior $7,374.45 EAJA awards and then disperse the appropriate § 406(b) amount to Attorney Wes Kappelman.

4. A Judgment in accordance with this Memorandum and Order will issue on this date.

Dated this 8th day of July, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge